Sanford, J,
By the well settled law of Connecticut, a mortgage, as w'ell as an absolute sale, of personal property, capable of immediate delivery, is, as against creditors and subsequent *132 purchasers, fraudulent and void, unless the possession of the property accompanies and follows the transfer.
But, by statute, (Rev. Stat., tit. 20, sec. 3,) whenever the owner of any dwelling-house, having a family, shall, for any debt' or duty, mortgage said dwelling-house, and the mortgage shall convey the household furniture belonging to the owner of said dwelling-house, and used therein by him in housekeeping, and the mortgage deed shall contain a particular description of such furniture, and shall pave the condition or defeasance within or upon the-same, then such mortgage shall be as good and effectual, to hold such furniture against subsequent purchasers or attaching creditors, as if the same were a part of the real estate, although the mortgagor shall retain possession of the same. And by the fourth section of the same statute, whenever the occupant of any dwelling-house, having a family, shall mortgage without the real estate, the household furniture used by him in housekeeping, for the security of any debt or duty, by a deed in which such furniture shall be particularly described, and which shall be executed, acknowledged ahd recorded in all respects as mortgages of lands are required to be, such mortgage shall be good and ■ effectual, although the mortgagor shall retain possession of the mortgaged property ; and if the mortgagor shall fail to perform the condition of the mortgage, the mortgagee may, &c.”
In the case before us, the furniture mortgaged remained in the mortgagor’s possession until the assignment, and was then taken possession of by the assignee.
The first question therefore is, whether the petitioner’s title to the property is protected by the operation of the statute referred to.
[ *162 ] *A mortgage of real estate describing the debt or duty, intended to be secured, as it is described in the mortgage before us, would be inoperative as against attaching creditors and subsequent purchasers. Our decisions on this point are numerous, uniform, and conclusive. See Pettibone v. Griswold, 4 Conn., 162; Stoughton v. Pasco, 5 id., 447; Shepherd v. Shepherd, 6 id., 37; Crane v. Deming, 7 id., 396; Hubbard, v. Savage, 8 id., 215; North v. Belden, 13 id., 376; Hart v. Chalker, 14 id., 77; and many others. No one of our decisions, some of the more recent of which, according to the opinion of Ch. J. Waite, in Lewis v. Deforest, (20 Conn., 426,) have gone to the very verge of the law, have gone far enough to sustain a mortgage of real estate, in which the debt or duty intended to be secured was described in a manner so vague and indefinite as in this mortgage.
Mortagages. of real and of personal property ought, in this *133 respect, to stand upon the same ground, and be governed by*the same rules. The same reasons for certainty apply in both cases alike. And in both “ the spirit of our recording system requires, that the record should disclose with as much certainty as the nature of the case will admit of, the real state of the incumbrance upon the property.” That it was the intention of the legislature to put mortgages of both kinds of property on the same footing, is fairly inferable from the fact that they are, in express terms, required to be executed, acknowledged and recorded in the same manner, and that, in regard to household furniture mortgaged in the same deed with the dwelling-house in which it is used, the third section of the act requires that the mortgage deed shall have the condition or defeasance, (that is, the real condition or defeasance,) “ within or upon the same,” in order to justify the mortgagor in retaining such furniture in his possession ; and it can with no propriety be said that the condition or defeasance is within or upon the deed, when from the whole instrument no reliable information can be obtained as to the amount or description of the incumbrance attempted to be created thereby. Nor can it be supposed that, when the same deed contains a mortgage of the dwelling-house and of the furniture *used in it, but because of uncertainty in the condi- [ *163 ] tion or defeasance required to be in or on the deed, it is inoperative as to the house, the legislature intended that it should, nevertheless, be operative and effectual as to the furniture. The language of the statute is that such mortgage shall be as good and effectual to hold such furniture against subsequent purchasers or attaching creditors, as if the same ivere a part of the real estate.
It is true, that in regard to personal property and its transfer, odinarily, no writing at all is necessary, and, as betweeu the parties, no change of possession, and that the apparent object of the statute was only to render a change of possession, in the cases specified in the act, unnecessary. But the dispensation is provided only on certain prescribed conditions, and among them, that the mortgage shall be executed, acknowledged and recorded in all respects as mortgages of lands are required to be. And it seems a legitimate inference from the terms employed in this statute, that, by the mortgage thus to be “ executed, acknowledged and recorded in all respects as mortgages of real estate are required to be,” such an instrument is intended, as, if applied to real estate, would be valid and effectual.
This mortgage gives no information in regard to the dates, amounts, payees or holders of the notes indorsed, nor any limit to their number or amount, and no clue by which an inquirer *134 might be conducted to any safe or satisfactory conclusion. To hold such a mortgage valid would be to open a door for the fraudulent substitution of fictitious claims, and render nugatory the statutory requirement that all mortgages shall be recorded.
2. It is contended that the trustee is neither a creditor nor purchaser, and therefore took under the assignment only the equitable interest of the mortgagor in the property ; and that he can not set up the mortgagor’s retention of possession to defeat the title of the mortgagee.
But in the case of Swift v. Thompson, (9 Conn., 63,) one Lee mortgaged movable machinery, with the factory in which it was used, to Thompson, to secure him for indorsing [ *164 J the *paper of the mortgagor, but continued in possession of the property as before, until he assigned the same property to the plaintiff in trust for the creditors of the assignor, giving them power to sell the property and apply the proceeds in payment of his debts, “ subject to such claims as the mortgagee legally could have to the same.” The mortgagee having taken possession of the property, the trustees brought trover to recover it, and this court held that, as to them, the mortgage of the machinery was fraudulent and void, because the possession of the property was not changed until after the assignment.'
In regard to the point now under consideration, that case is not distinguishable in principle from the one before us. In that case as in this, the mortgage was intended to secure the mortgagee for indorsements made in good faith for the mortgagor’s benefit, and was, as between the parties to it, valid and effectual. In that case as in this, the assignment was in trust to sell for the benefit of creditors, and in that case as in this, the assignees had, by the terms of their deed, actual notice of the existence of the mortgage.
In that case, indeed, the property had not been, as it had in this, attached by creditors between the making of the mortgage and the assignment; and if it had been, must have been held by the attaching creditor, notwithstanding both the mortgage and the assignment; while in this, the property, having been attached by creditors, is released from their lien by the operation of the statute now in force; but that difference in the cases makes this a stronger case for the assignees than that was, and furnishes an additional reason for holding the mortgage in this case void.
The decision in that case is in point, and I feel no disposition to question its authority. It is unnecessary for..us now to decide whether, as a general proposition, it is strictly true that “the condition of trustees under a deed of assignment is that of cred *135 itors and bona fide purchasers,” or not, because, in the case before us, the possession of the property being retained by the mortgagor, the mortgage is to be regarded *as [ *165 ] prima facie fraudulent and void, so that the mortgagee has no title whatever to interpose against the trustee’s claim.
Some other defects in the mortgage were suggested, but not pressed upon our consideration, in the argument, in regard to which no opinion need be now expressed.
There is no error in the judgment complained of.
In this opinion the other judges concurred; except Hinman J., who did not sit.
Judgment affirmed.