CHARLES H. MORTON *vs.* H. W. STONE.

October 9, 1888.

Vendor and Purchaser—Agreement by Agent—Undisclosed Vendor.
—An alleged agreement construed in connection with the complaint, and
*held* to have been executed by plaintiff as an agent and in behalf of cer-
tain undisclosed principals.

Appeal by defendant from an order of the district court for Ram-
sey county, *Kelly,* J., presiding, overruling his demurrer to the com-
plaint.

*Young & Lightner* and *W. A. Barr,* for appellant.

*Gordon E. Cole* and *W. H. Norris,* for respondent.

COLLINS, J.   Action to enforce the specific performance of a con-
tract, a copy of which is made a part of the complaint, and is as fol-
lows:

"EXHIBIT A.

"ASHLAND, WIS., 3–24, 1887.

"Received of H. W. Stone two hundred ($200) dollars, as earnest-
money and in part-payment for the purchase of the south-west quar-
ter of the north-east quarter of section seventeen, (17,) town forty-
seven (47) north, of range four west, which I have this day, as au-
thorized agent, sold to said H. W. Stone for the sum of six thousand
dollars, on terms as follows, viz.:   Two hundred ($200) in hand paid;
twenty-eight hundred dollars in ten days after delivery of abstract;
and three thousand to be secured by mortgage due in one year, on or
before.   And it is agreed that if the title of said premises is not good,
and cannot be made good within ten days after delivery of abstract
to purchaser, this agreement shall be void, and the above $200 to be
refunded.   But if the title to said premises is good, and not taken,
the said $200 to be forfeited.   The above forfeiture shall in no way
impair the right of either party to enforce the specific performance
of this contract.                    C. H. MORTON,

"By R. E. BUCHANAN, Agent.

"I hereby agree to purchase said property on the above terms, and to pay said ———, agent, ——— commission.

"H. W. STONE, Purchaser."

The complaint alleged in substance that the plaintiff owned, "with M. B. Pratt and others, in equity," the tract of land mentioned in the exhibit, the title of which, by consent and for convenience, had been vested in Pratt, who was seized thereof in fee-simple; that plaintiff had full and ample authority from all of said owners to contract for its sale; that Pratt was ready and willing to convey to the person to whom plaintiff might sell; that sale was made as set forth in the exhibit; the execution and tender of a proper deed by Pratt, and defendant's refusal to accept it, or to comply in any manner with his part of the alleged contract. To this complaint defendant demurred, upon the grounds—*First*, that there was a defect of parties plaintiff; and, *second*, that the complaint failed to state facts sufficient to constitute a cause of action. This demurrer was overruled, the court holding that, upon the face of the exhibit, the plaintiff, Morton, is the vendor; that it is his contract; and that it does not show that he was acting as an agent.

In this conclusion we cannot concur. The simple inquiry is as to the effect which must be given the words "By R. E. Buchanan, Agent," appended to Morton's name at the end of the exhibit. By omitting them when reading, it is evident that Morton was acting and executing the paper solely as an agent for another, by whom he had been authorized to sell, and for whom he was receiving a partial payment; and when these words are considered, can it be said that the tenor of the exhibit is changed so that Buchanan is the agent, and not Morton? It seems clear to us that it cannot, and that Buchanan merely describes himself as authorized to sign Morton's name. The quoted words indicate solely that Morton's signature was not made by him in person, but by another. This view is corroborated by the complaint, in which it is, in effect, averred that plaintiff made the contract in behalf of Pratt and others, who, with him, owned the land, and from whom he had authority to enter into it, and who authorized him to make a sale. Assuming only to act for others in the

contract, he is not the party to enforce specific performance, even if it were valid and enforceable. Upon this see *Clampet* v. *Bells, supra,* p. 272, decided at this term.

Order reversed.

NOTE. A case on a like agreement between the same plaintiff and O. S. Hagerman, was argued by the same counsel and at the same time with the foregoing case, and with the same result.