WESTERN LAND ASSOCIATION OF MINNESOTA v. CHARLES A. BANKS and Others.[1]

June 26, 1900.

Nos. 12,009—(116).

**Estoppel in Pais.**
　　An estoppel in pais arises when one, by his conduct or representations, induces another to believe certain facts with reference to a transaction between them to exist, and such other person, having the right to do so, relies and acts thereon, and in the belief that such representations are true, and to such an extent that to permit a denial of the truth of the facts would prejudice him.

**Same—Knowledge of Opposite Party.**
　　To constitute such an estoppel, such representations must be with reference to facts material to the transaction, and not within the knowledge of the opposite party. If the party to whom the representations are made has equal knowledge as to the truth thereof, he cannot rightfully rely thereon.

**Estoppel—When not Applicable.**
　　The doctrine of estoppel has no application in cases where the representations which are claimed to give rise to it tend only to induce the party to do some act he is already legally bound to do.

**Contract to Buy Land—Signature of Vendee Unnecessary.**
　　The vendee in a contract for the purchase of land need not sign the same to give it validity. Yeager v. Kelsey, 46 Minn. 402, overruled on this point.

Action of ejectment in the district court for St. Louis county. The

1 Reported in 83 N. W. 192.

case was tried before Cant, J., and a jury, which rendered a verdict in favor of defendants. From a judgment entered pursuant to the verdict, plaintiff appealed. Reversed.

*Fryberger & Johanson,* for appellant.

*Roger S. Powell,* for respondents.

BROWN, J.

Action in ejectment. Defendants had judgment in the court below, and plaintiff appeals.

The facts are, in brief, as follows: During the year 1874, and prior thereto, plaintiff was the owner of a tract of land in the city of Duluth, and on July 7 of that year caused the same to be platted and laid out into lots and blocks as Industrial Division of Duluth, which plat was in all things properly made and executed, and filed in the office of the register of deeds of St. Louis county. Prior to so platting said land, said plaintiff had duly conveyed to the Lake Superior & Mississippi Railroad Company a strip of land over and across the same for right of way purposes, and said company had constructed its railroad track thereon, and was in the actual and open possession thereof, at the time of the conveyance to defendant to be presently mentioned. Said plat was made and lots laid out with reference to said railroad right of way, the lot so conveyed to defendant being bounded thereby on the southeast. The railroad track was constructed upon and extended along St. Croix avenue until it reached said lot, when it diverged from a direct line, and passed upon what would have been included in the lot had the railroad track continued upon the avenue. By reason of this divergence of the road from the street to and upon the adjacent land, said railroad right of way was between said lot and the avenue.

In July, 1884, plaintiff and defendant Sarah H. Banks entered into a written contract by the terms of which plaintiff agreed to sell and convey to said defendant the south 50 feet of lot 16 of block 7 in said Industrial Division of Duluth, the same being the tract of land so lying adjacent to, and northwesterly from, said railroad right of way. The description of said lot as contained in said contract is as follows: "All that part of lot 16 in block 7 in the Industrial Division of Duluth, according to the recorded plat thereof, that lies south," etc. Said defendant subsequently paid the

purchase price as required by the terms of said contract, and said plaintiff duly conveyed the said lot to her, the deed of conveyance containing the description of the property as before set out, and making the same reference to the recorded plat. In addition to this, defendant well knew and understood that said right of way was between said lot and said avenue. Since the conveyance of said lot to defendant the right of way of said railroad has been abandoned, the track taken up and removed therefrom, and the title thereto reconveyed to plaintiff. The tract of land involved in this action is the strip so conveyed to the railroad company as right of way, and so lying between said lot sold to defendant and said avenue.

Plaintiff claims the ownership thereof by purchase from the railroad company, and defendant Sarah H. Banks claims it upon the grounds of estoppel. She contends that as to her plaintiff is estopped from asserting title thereto. This claim arises out of the following facts: Some two months after making said contract for the purchase of the lot said defendant learned that some other person was laying claim thereto, and she called upon one Mendenhall, who was the agent of plaintiff, and with whom she had made the contract, to ascertain the facts with respect to such claim. It is her contention at this time that Mendenhall then represented to her, and induced her to believe, that the line of the lot so contracted to be sold to her would extend to the street or avenue as soon as the railroad track should be removed, and that it was then expected that the same would be removed within a year or two. She claims to have relied upon such representations in completing the purchase of the lot, and it is insisted in her behalf that plaintiff is now estopped from asserting title thereto as against her. Some other evidence and facts which she claims corroborate her contention are found in the record, but it is not necessary specially to refer thereto. We have stated all the controlling facts. That the plaintiff has the legal title to the land in question is not disputed, and it is conceded that plaintiff is entitled to judgment unless estopped from asserting such title as against this defendant. So the only question to determine is whether the evidence makes out a case of estoppel.

An estoppel in pais, in so far as applicable to this case, may be said to arise when one, by his conduct and representations, induces another to believe certain facts with reference to a transaction between them to exist, and such other person, having the right to do so, acts and relies thereon, and in the belief that such representations are true, and is thereby deceived, and to such an extent that to permit a denial of the truth of the facts so represented to exist would prejudice him. The law is clearly stated in Pence v. Arbuckle, 22 Minn. 417, 420, as follows:

"An estoppel in pais arises when one, by his acts or representations, or by his silence when he ought to speak out, intentionally, or through culpable negligence, induces another to believe certain facts to exist, and such other rightfully acts on the belief so induced in such manner that if the former be permitted to deny the existence of such facts it will prejudice the latter."

Every representation of a material fact connected with a transaction will not give rise to an estoppel. The representation must not only be with reference to material matters of fact, but must be of facts not within the knowledge of the opposite party, and facts, too, upon which such party may rightfully rely. If these essentials be lacking, there can be no estoppel. If the party to whom the representations are made have equal knowledge as to the truth thereof, he cannot rightfully rely thereon. He cannot claim to have been deceived to his prejudice where he acts with full knowledge that the representations which he assumes to rely upon are not in fact true. Neither can there be an estoppel unless some injury results from the representation, or, rather, from a reliance thereon.

Two of the essential elements of estoppel are lacking in this case: (1) Defendant had full notice and knowledge of the rights of the railroad company and of its title to the land in question at the time the representations were made; and (2) she was in no way injured or damaged by a reliance on the representations.

1. Defendant made the contract for the purchase of the lot in July, 1884, and at that time knew, and had known for some years prior, the conditions surrounding the lot,—the fact that the railroad track extended between the same and the avenue. The rail-

road company was in the actual possession of the tract now in question, which she well knew, and the records informed her that it held the legal title thereto. There does not appear to have been any controversy between the parties as to the boundary lines of the lot. Her only contention is that Mendenhall represented to her, two months after she made the contract of purchase, that her lines would extend to the street as soon as the railroad should be removed. Conceding that Mendenhall did so represent to her, she had no right, under such circumstances of knowledge on her part as to the rights of the railroad company, to rely thereon. She knew of the possession of the railroad company, was bound to know of its recorded title, and cannot be permitted to rely upon a statement that such title would accrue or fall to her upon the removal of the railroad track. It is well settled by the authorities that a party cannot rely upon a representation concerning matters of which he has full notice and knowledge. Plummer v. Mold, 22 Minn. 15; Combs v. Cooper, 5 Minn. 200 (254); Shillock v. Gilbert, 23 Minn. 386; Bigelow, Estop. (5th Ed.) 626, and cases cited.

2. The evidence conclusively shows that defendant was in no way prejudiced by the representations, conceding that they were made. They were not made as a part of the transaction resulting in the contract of purchase. They were not made for two months thereafter. There can be no question but that such contract was valid, and obligatory upon both parties. It was in the usual form of such contracts, and signed, as required by statute, by the party making the sale, plaintiff herein. Plaintiff could have enforced the contract against her, and she could have enforced it against plaintiff. The doctrine of estoppel has no application in cases where the representations which are claimed to give rise to it tend only to induce a party to do some act he is already legally bound to do. 11 Am. & Eng. Enc. 439; Organ v. Stewart, 60 N. Y. 413, 420; King v. Duluth, M. & N. Ry. Co., 61 Minn. 482, 63 N. W. 1105; Gulf v. Gordon, 70 Tex. 80, 7 S. W. 695. And, as defendant was legally bound to complete the purchase of the lot under the terms of the contract, she was in no way prejudiced by the falsity of the representations, and no estoppel arises in her favor. Injury resulting from a re-

liance on the representations must be shown in all cases. Bigelow, Estop. (5th Ed.) 644; East v. Dolihite, 72 N. C. 562.

But defendant urges that the contract of purchase was invalid as to her because she did not sign it. She cites in support of this contention Yeager v. Kelsey, 46 Minn. 402, 49 N. W. 199. This decision does not give utterance to the law as we understand it. Our statutes on the subject of contracts for the sale of lands require the contract to be signed by the party making the sale. Our attention has not been called to any section requiring the purchaser to sign. There is no rule of law of general application which makes the signature of both parties essential to the validity of such contracts, and Yeager v. Kelsey, supra, in so far as it holds the signature of the vendee necessary, must be overruled. A contract signed by the vendor only was sustained in Morton v. Stone, 39 Minn. 275, 39 N. W. 496. See also Kessler v. Smith, 42 Minn. 494, 44 N. W. 794; G. S. 1894, § 4215.

Our conclusions are that the evidence wholly fails to make out a case of estoppel in the respects pointed out, and the judgment appealed from is reversed.