JOHN B. SANBORN and Another v. FRANK VAN DUYNE.[1]

July 10, 1903.

Nos. 13,496—(152).

**Deed—Easement for Levee—Void Lease.**

Plaintiffs were in 1883 the owners in fee of certain lots near the west bank of the Mississippi river in St. Paul, and conveyed to said city, by a properly executed deed, a "perpetual easement for the purpose of a public levee over and upon" the same. The city never constructed a levee thereon, and the lots have never been used for levee purposes. Prior to this conveyance the city attempted to acquire the lots for levee purposes by condemnation proceedings, but the same were, when completed, deemed invalid, and were, in effect, abandoned, though plaintiffs demanded the damages assessed to them therein; but the city refused to pay the same except upon the execution of the deed aforesaid. In 1891 the city, acting under and pursuant to Sp. Laws 1891, c. 34, leased the property to defendant for private purposes. Defendant took possession thereof, erected buildings thereon, and now occupies the same, carrying on a manufacturing business. Though plaintiffs knew of defendant's occupancy of the property, they made no claim thereto until shortly before the commencement of this action. *Held:*

1. That the city acquired an easement only by the deed from plaintiffs, the latter retaining the fee to the land, together with such right of possession and beneficial use as would not be inconsistent with an exercise of the rights granted the city. The legal rights of the parties are in no way affected by the condemnation proceedings, but are fixed by the deed of conveyance.

2. That the lease of the property by the city to defendant, under Sp. Laws 1891, c. 34, was void, and conferred no right of possession in defendant as against plaintiffs. The act of the legislature under which the lease was made is unconstitutional, as attempting to divert property acquired by the city for a public use to an inconsistent and private use.

3. That plaintiffs are not estopped from asserting their rights against defendant.

4. That defendant's possession of the property is, as against plaintiffs, wrongful and unlawful. The latter may maintain this action, and are entitled to such relief as the evidence may show them entitled to.

Action of ejectment and for equitable relief in the district court for Ramsey county. The case was tried before Bunn, J., who found in fa-

[1] Reported in 96 N. W. 41.

vor of defendant. From a judgment entered pursuant to the findings, plaintiffs appealed. Reversed, and new trial granted.

*John B. & E. P. Sanborn,* for appellants.

The city never acquired under this deed, and never had the exclusive right to the possession and use of this property as against the appellants, who are the owners of the fee. The city has simply an easement or right to use the lots for the purpose of a public levee. That is a privilege distinct from the ownership of the soil, and it is not a tenancy. The appellants, as owners of the fee, are entitled to every use, and the value of every use to which this property can be put so long as such does not interfere with the lawful use which the city makes of it under its easement. The owners of the fee in land which is subject to an easement for the purposes of a right of way, a street, highway, public square or public levee have the exclusive right in the soil for every purpose of use or profit which does not interfere with the easement, and may maintain actions for any encroachment upon that right. 2 Dillon, Mun. Corp. (4th Ed.) §§ 633, 656b, 663; Washburn, E. & S. (4th Ed.) § 9, p. 10, and page 252; Elliott, Roads & S. (2d Ed.) § 230; Dovaston v. Payne, 2 Smith, Lead. Cas. 160; Bailey v. Sweeney, 64 N. H. 296; Jordan v. Woodward, 40 Me. 317; Peck v. Smith, 1 Conn. 103; Gardiner v. Tisdale, 2 Wis. 115; Weisbrod v. Chicago, 21 Wis. 609.

The owner of the fee, which is subject to an easement for the purposes of a right of way, a street, highway, public square, landing or levee, is entitled to possession against one who has entered upon the same and erected a structure and become a permanent occupier or encumbrancer of the land to the exclusion of the owner of the fee, and is using the same for a purpose foreign to the purposes of the easement, and the owner may recover in ejectment against such person. Gardiner v. Tisdale, supra; Weisbrod v. Chicago, supra; Proprietors v. Nashua, 104 Mass. 1; Woodruff v. Neal, 28 Conn. 165; Morgan v. Moore, 3 Gray, 319; Roby v. New York, 65 Hun, 532; Coburn v. Ames, 52 Cal. 385; Strong v. City, 68 N. Y. 1; Pomeroy v. Mills, 3 Vt. 279; Lyon v. McDonald, 78 Tex. 71.

The owner of the fee in land, which is subject to an easement for the purposes of a right of way, a street, highway, public square, landing or

levee, is entitled to an injunction against any one who is occupying or using the same for private purposes, or for any purpose foreign to the purposes of the easement, to restrain such use. Williams v. New York, 16 N. Y. 97; Appeal of Lance, 55 Pa. St. 16; O'Neal v. City, 77 Tex. 182; Glasgow v. City, 87 Mo. 678; Belcher v. St. Louis, 82 Mo. 121; Warren v. Mayor, 22 Iowa, 357; Robert v. Sadler, 104 N. Y. 229; Bradley v. Pharr, 45 La. An. 426; Perry v. New Orleans, 55 Ala. 413; Bean v. Coleman, 44 N. H. 539.

In the case at bar the defendant is committing continuous and repeated trespasses upon the property in question. On that ground and to prevent a multiplicity of suits and constantly recurring actions for damages, the plaintiffs are entitled to maintain this suit and to an injunction. United States F. L. & E. Co. v. Gallegos, 89 Fed. 769, 773; 2 Beach, Inj. §§ 1129, 1146; Tallman v. Metropolitan, 121 N. Y. 119; Uline v. New York, 101 N. Y. 98; Galway v. Metropolitan, 128 N. Y. 132, 145; Evans v. Ross (Cal.) 8 Pac. 88.

A suit in equity is the only adequate remedy in such a case, and the injury is such as to authorize such suit. Barrett v. Mt. Greenwood, 159 Ill. 385; Attorney General v. Sheffield, 19 Eng. L. & Eq. 639, 648; Clowes v. Staffordshire, 8 Ch. App. 125.

It is immaterial how much or how little the plaintiffs have been injured or damaged, so far as their right to recover in this case is concerned. Bradley v. Pharr, supra; Robert v. Sadler, supra.

*B. H. Schriber,* for respondent.

The city of St. Paul acquired an absolute title in fee simple to the property in question by its condemnation proceedings. Sp. Laws, 1881, c. 120, § 1; Sp. Laws, 1874, c. 1, §§ 9-17. The voluntary acceptance of damages by the owners, in the absence of fraud or mistake in fact, operates as a waiver of whatever errors may have existed in the proceedings and estops the party from disputing their legality. 2 Dillon, Mun. Corp., §§ 592, 593, and cases cited; Mills, Em. Dom., 329; Felch v. Gilman, 22 Vt. 38, 41; Town v. Town of Blackberry, 29 Ill. 137; Rees v. City, 38 Ill. 322, 334; Kile v. Town, 80 Ill. 208, 211; Magrath v. Municipality, 13 Up. Can. Q. B. 629, 633; City v. Copeland, 106 N. Y. 496, 500; Brooklyn v. Armstrong, 45 N. Y. 234, 239; Hartshorn v. Potroff, 89 Ill. 509, 511, citing Morgan v. Ladd, 2 Gilm.

414; Bigelow, Est. § 652; Daniels v. Tiearney, 102 U. S. 415, 421; Boulder v. Lower, 22 Colo. 115; Pike v. Stallings, 71 Ga. 860; Burhans v. Union, 48 N. Y. Supp. 702; Denver v. Middaugh, 12 Colo. 434; Wm. Deering & Co. v. Peterson, 75 Minn. 118; Hunt v. Roosen, 87 Minn. 68.

The city of St. Paul acquired the fee title to the property in question by the deed delivered by plaintiffs, irrespective of the condemnation proceedings. Soukop v. Topka, 54 Minn. 66, 70; 3 Washburn, Real Prop. (6th Ed.) § 2289; Caldwell v. Fulton, 31 Pa. St. 475, 484; Vail v. Long Island, 106 N. Y. 283.

The act of 1891 (Sp. Laws 1891, c. 34) authorizing the common council to lease the property in question was a valid exercise of legislative authority and the respondent has a valid leasehold interest in the premises. Nicoll v. New York, 12 N. Y. 121, 130, 134; Rexford v. Knight, 1 Kern. 308–314; United States v. Case Library, 98 Fed. 512; Brooklyn v. Armstrong, supra; Kings v. Stevens, 101 N. Y. 411, 416; City v. Copeland, supra; Eldridge v. City, 120 N. Y. 309, 313; Fairchild v. City of St. Paul, 46 Minn. 540, 544. If the municipal corporation holds the full title to the ground for public uses without restriction, the legislature may direct and regulate purposes for which the public may use it. 2 Dillon, Mun. Corp., § 651; Van Ness v. Mayor, 4 Pet. 232; Potomac Steamboat Co. v. Upper Potomac Steamboat Co., 109 U. S. 672, 680; Crolley v. Minneapolis & St. L. Ry. Co., 30 Minn. 541, 543, and cases there cited. If the legislature of the city attempts to divert the premises from the use to which they were dedicated, the premises would not revert to the donor. City of St. Paul v. Chicago, M. & St. P. Ry. Co., 63 Minn. 330, 352; Parker v. City of St. Paul, 47 Minn. 317. If the dedicated property be appropriated to an unauthorized use, equity will cause the trust to be observed or the obstructions removed. 2 Dillon, Mun. Corp. (4th Ed.) § 653; Curran v. City, 83 Ky. 628; Goode v. City, 113 Mo. 257, 276; Coffin v. City of Portland, 27 Fed. 412; Barclay v. Howell's Lessee, 6 Pet. 498.

If the title of the city was limited to an easement for the purpose of a public levee, the easement not having been extinguished, the city is still entitled to the exclusive possession of the property, and the

plaintiffs have no right to prosecute an action to recover possession of the premises for themselves. Montgomery v. Santa Ana, 104 Cal. 186, 197; Taylor v. Armstrong, 24 Ark. 102, 105.

Plaintiffs cannot recover in ejectment. It is not sufficient that the claimant in such action have a good title, but he must also be entitled to the possession of the lands which he seeks to recover. Atkins v. Horde, 1 Burr. 119; Tyler, Ej., 177; Newell, Ej., § 23; City of Cincinnati v. Lessee of White, 6 Pet. 431, 432; Parker v. City of St. Paul, supra; Rowe v. City of Minneapolis, 49 Minn. 148, 157; Stiles v. Curtis, 4 Day (Conn.) 330; Doe v. Cowley, 1 Carr. & P. 123.

The plaintiffs, not being abutting owners, and not being specially injured, have no right to restrain the defendant from continuing the use to which he has appropriated the property with the consent of the city. Dawson v. St. Paul F. & M. Ins. Co., 15 Minn. 102 (136); Shaubut v. St. Paul & S. C. Ry. Co., 21 Minn. 505; Gundlach v. Hamm, 62 Minn. 44.

The plaintiffs, by their conduct, are estopped from questioning either the validity of the lease from the city to the defendant, or defendant's possession of the property under the lease. Felch v. Gilman, 22 Vt. 38, 41; Rowe v. City of Minneapolis, 49 Minn. 148, 156.

The plaintiffs have elected to seek equitable relief, instead of legal, and we submit that the judgment in this action cannot be reversed without a modification of the doctrine of Parker v. City of St. Paul, supra.

BROWN, J.[2]

Action to recover the possession of certain real property and for equitable relief, in which defendant had judgment, and plaintiffs appealed.

The facts are as follows: Plaintiffs were, on June 25, 1883, the owners in fee of the land in controversy, viz., lots 1 and 2, block 183, Robertson's addition to West St. Paul, near the west bank of the Mississippi river; and on that day, for a valuable consideration to them paid, conveyed to the city of St. Paul a "perpetual easement for the purpose of a public levee over and upon" the same. The deed was duly recorded. The trial court found that plaintiffs were the owners in fee of the lots

2 LEWIS, J., took no part.

at the time of the conveyance, and that they had not since conveyed or parted with their title, except as evidenced by the deed just referred to; so that they were. at the time of the commencement of this action the owners of the land, subject to the easement conveyed to the city. In 1890 the city graded as a part of a street a strip of land lying south of the lots, and the lots have since been graded and brought up to a level with such street; but the city has never constructed a levee upon or across them, nor have the lots ever been used by the city as a public levee. In 1891 the legislature of the state, by Sp. Laws 1891, p. 255 (c. 34), attempted to confer upon the city power and authority to lease the lots to individuals for private use; and on May 17, 1892, the city council, acting upon that authority, passed and adopted an ordinance to that end, thereby leasing the lots to defendant and one Cook, who thereupon took possession, erected buildings thereon, and ever since have, and now do, occupy the same for manufacturing purposes. Plaintiffs do not own any property abutting upon the lots in question, and according to the findings of the trial court the city has not abandoned any rights acquired by it through the conveyance from plaintiffs.

The trial court found as conclusions of law: (1) That the city of St. Paul, by virtue of the deed from the plaintiffs, acquired the exclusive right to the possession and use of said property for a public levee, but acquired no right to use it for any purpose foreign thereto; (2) that the lease of the property to defendant and Cook was unauthorized and void, and defendant's possession of the same is wrongful and unlawful; and (3) that plaintiffs, not being injured by the wrongful and unlawful acts of defendant, have no right to maintain this action.

1. The first question presented for our consideration is as to the nature and character of the title or right heretofore acquired to the property by the city. It is contended by defendant that by certain condemnation proceedings it acquired the absolute title; that for this reason, if for no other, plaintiffs have no standing in court.

It appears that some time prior to the conveyance from plaintiffs the city attempted to acquire the property for levee purposes by condemnation proceedings. Such proceedings were properly instituted and conducted to completion, commissioners appointed, damages assessed and awarded to plaintiffs, but no notice of the confirmation of the re-

port of the commissioners was ever given as required by law. This failure on the part of those conducting the proceedings rendered their validity doubtful in the opinion of the city attorney, and the municipal authorities, on his advice, refused to pay the damages assessed to plaintiffs, which they demanded, except upon the execution by them of a deed to the city; whereupon plaintiffs executed and delivered the deed already referred to, and the city paid to them the amount of damages awarded in the condemnation proceedings as consideration therefor. It is claimed by defendant that plaintiffs, by demanding the damages awarded them, acquiesced in and ratified the proceedings, and are estopped from questioning their validity; and that by force of certain provisions of the statutes the fee title to the premises passed to the city. We are unable to concur in this view of the case.

We need not stop to determine whether the absolute title to real property may in any case be acquired by a municipality in proceedings to condemn it for a public use, for it is clear that in the case at bar both parties treated the condemnation proceedings as void, and contracted independently of them. The proceedings to condemn were deemed defective by the municipal authorities. For that reason they declined to pay plaintiffs the damages awarded therein, and consented to do so only on the execution of the deed. The parties are bound by the contract as evidenced by the deed. The city can no more repudiate the deed and assert rights under the condemnation proceedings than plaintiffs can repudiate the deed and be heard to assert the invalidity of the condemnation proceedings. The parties adjusted their matters on the basis that such proceedings were invalid. Plaintiffs executed the deed, and thereby conveyed to the city whatever right or title it now possesses in or to the premises, and by that the rights of the city must be measured. It follows, therefore, that the trial court was right in holding that the parties are bound and that their rights are fixed by the deed, and not by the condemnation proceedings.

2. Defendant also contends that, irrespective of the condemnation proceedings, the deed of conveyance from plaintiffs vested in the city the absolute title to the property, and that it could thereafter make such a disposition and use of it as it might deem for its best interests. The intention of the parties as expressed in the written contract, the

deed, must control the determination of this question. The description of the property conveyed, as contained in the deed, is as follows:

> "All that tract or parcel of land lying and being in the county of Ramsey in the state of Minnesota described as follows, to-wit: A perpetual easement for the purpose of a public levee over and upon lots one (1) and two (2). * * *"

Counsel cites some authorities in support of this contention, but they are not in point; at least we do not understand them to go to the extent claimed. In Vail v. Long Island, 106 N. Y. 283, 12 N. E. 607, there was a clear intention on the part of the grantor, expressed in the deed of conveyance, to transfer the fee and absolute title to the grantee. In the case at bar the plain and unambiguous language of the deed leaves no substantial doubt but that plaintiffs intended to grant to the city an easement only. The consideration paid for the transfer of land might, in a case where the writing left the extent of the estate intended to be granted in doubt, be a very proper matter for consideration in construing the contract. Flaten v. Moorhead, 51 Minn. 518, 53 N. W. 807. But there is no doubt as to what the parties intended to do in this case.

3. It is further contended by defendant that, whatever may be the nature of the city's title, it was authorized by Sp. Laws 1891, p. 255 (c. 34), to lease the property for a private use, and that defendant's rights under the lease are superior to plaintiffs'. The act of the legislature relied upon provides that

> "The common council of the city of St. Paul are hereby authorized, by ordinance, to lease to any person, persons, company or corporation any part or portions of the levee known as the West St. Paul levee, * * * the said leases to be for such purposes and upon such terms * * * as the common council of said city shall prescribe."

The levee there referred to forms a part of the land in question.

It may be conceded that the legislature has control over the streets and public highways within the state, and of all property acquired by it for a similar public use, and that it may abandon and vacate the same whenever, in its opinion, public interests may require such action,

or authorize and empower municipal authorities so to act. Moffitt v. Brainard, 92 Iowa, 122. But, as the state's right or title to such property is only an easement which it holds in trust for a public use, the legislature cannot divert it, or subject it to an inconsistent use of a private nature; nor can it authorize municipal authorities so to divert it. Fairchild v. City of St. Paul, 46 Minn. 540, 49 N. W. 325. Private property cannot be taken, under the Constitution and laws of this state, nor authorized by the legislature to be taken, either directly or indirectly, for a private use; and, if it be held that, after acquiring property for a public use, the legislature may divert it to a private use, in the manner shown in this case, it may do indirectly what it cannot do directly, and accomplish what the Constitution forbids. Any legislation authorizing such action would be clearly unconstitutional and void. Portland v. City, 14 Ore. 188, 12 Pac. 265; Warren v. Mayor, 22 Iowa, 351; Winchester v. Capron, 63 N. H. 605, 4 Atl. 796; In re John and Cherry Sts., 19 Wend. 659. These are elementary principles, and there is no conflict in the decided cases upon the subject. The trial court very properly held that the lease relied upon by defendant is utterly void, and of no force or effect. The act of the legislature under which it was made is unconstitutional.

4. We come, then, to the question whether plaintiffs are entitled to any relief in this action. The trial court held that defendant's possession of the property was wrongful and unlawful, but that no relief could be granted plaintiffs, because a possession of the property by them, such as defendant now has, would be as wrongful and unlawful as defendant's. We do not concur with the learned trial judge in this view of the case. By the conveyance to the city, plaintiffs transferred merely the dominion of the property for a specific purpose, retaining in themselves the absolute ownership, and the right to such possession by them as would not be inconsistent with the rights of the city follows as a matter of law. They are entitled to every beneficial use and the value of every use to which the property may be put, and not interfere with the rights of the city under its easement.

In 2 Dillon, Mun. Corp. § 633, it is said:

"In such case the owner of the land, whether dedicated for the use of a highway, or street, or square, or common, retains, if there be no controlling statute, the exclusive right in the soil for every purpose of

usc or profit not inconsistent with the public easement, and may maintain appropriate actions for any encroachment upon it."

And again (section 663): "Where the public acquires only the use, and the fee remains in the original proprietor or abutter, the latter is considered to be the owner of the soil for all purposes not inconsistent with the public rights, and may maintain actions accordingly. Thus it has been held that he may maintain ejectment against an individual who without lawful authority erects a private building upon a public square under a lease from the local authorities, they having no power to authorize such a use. The recovery is, of course, subject to the public easement."

The same rule is laid down in Washburn, Easem. (4th Ed.) 10, where it is said: "The owner of the soil and freehold of the land over which a road is laid, may have trespass against a stranger for acts of trespass done upon the land—as for cutting a tree or digging up the soil—and may have ejectment to recover the land if deprived of the possession of it by him. In other words, he has exclusive seisin and possession of the soil of the highway subject only to the easement of the public." See also Peck v. Smith, 1 Conn. 103; Bailey v. Sweeney, 64 N. H. 296, 9 Atl. 543; Jordan v. Woodward, 40 Me. 317.

The authorities very generally hold that the owner of the fee to real property, which is subject to an easement for the purposes of a street, public square, landing, or levee, is entitled to possession against one who enters upon the same and erects a building thereon to the exclusion of the owner of the fee, and who is using it for a purpose foreign to the public right. Washburn, Easem. (4th Ed.) 254; Gardiner v. Tisdale, 2 Wis. 115; Weisbrod v. Chicago, 21 Wis. 602; Woodruff v. Neal, 28 Conn. 164; Strong v. City, 68 N. Y. 13; Coburn v. Ames, 52 Cal. 385; Lyon v. McDonald, 78 Tex. 71, 14 S. W. 261. And authorities are not wanting to the effect that the owner of the fee in such cases is entitled to an injunction against any person who is occupying or using the property for private purposes. Williams v. New York, 16 N. Y. 97.

In Warren v. Mayor, 22 Iowa, 351—an action by the owner of land which he had granted for a public park—the court held that an injunction would issue to restrain a diversion of the property from that use. The court said: "If a grant is made for a specific and limited purpose,

the subject of the grant cannot be used for another and different one, and the grantor still retains such an interest therein as entitles him in a court of equity to enjoin such diversion."

In Robert v. Sadler, 104 N. Y. 229, 10 N. E. 428, it was held that a public easement in a street does not justify the digging of pits and removing gravel therefrom, and an injunction will lie by the owner of the fee to restrain such acts.

In Bradley v. Pharr, 45 La. An. 426, it was held that the owner of the fee in a street is entitled to an injunction restraining one from operating a private railroad thereon, the municipal authorities having granted defendant therein the right to do so. In that case the injunction was granted upon the ground that plaintiff was the owner of the fee of the land in the street, and not on the ground of injury as owner of abutting property.

In O'Neal v. City, 77 Tex. 182, 14 S. W. 31, it appeared that plaintiff had deeded to the city of Sherman a tract of land for street purposes, and the city subsequently gave permission to a contractor to sink artesian wells thereon, and plaintiff brought an action to restrain him. The relief was granted, the court holding that the city acquired nothing but an easement by the conveyance from plaintiff, and for street purposes only, and had no right to sink wells, or otherwise injure the property, or grant permission to any other person to do so.

It is not important that plaintiffs in the case at bar were not the owners of abutting property. They conveyed the entire lots in question to the city, and are in no way injured or prejudiced as owners of abutting property; but they own this property, subject to the right of the city to devote it to the purposes of its grant, and whatever rights an abutting owner might have are possessed by them, and founded, not in abutting ownership, but in ownership of the property itself. The property, upon an abandonment of the same by the city for the purposes of a public levee, would revert to plaintiffs; and, though the trial court found as a fact that the city has not abandoned it, it also found that a public levee had never been constructed thereon, or used by the public for that purpose. It is not imporant whether a "levee" be defined to mean a landing place for vessels, or a dyke or breakwater, the finding of the trial court is general, and covers both.

It is clear, therefore, that the occupancy of defendant in no way

90 M.—15

interferes with any rights exercised or intended to be exercised in behalf of the public, and, if his occupancy be not inconsistent with the rights ·of the city, plaintiffs may enjoy the same privilege. They clearly have the right to occupy and enjoy the property for whatever purpose it may be utilized in preference to a stranger to the title. The trial court was right in the conclusion that the city had no authority to lease the property to defendant, and that his possession of it is wrongful and unlawful; but wrong in holding that plaintiffs are without a remedy simply because their occupancy, if they should take possession of the premises, would be as wrongful and unlawful as that of defendant. The action is not against the city to determine any of its rights, but against a stranger, a trespasser and wrongdoer under the findings. Plaintiffs could not recover against the city, for its rights have not been terminated by abandonment or otherwise; but under the authorities cited they are entitled to relief as against defendant. About all the authorities cited by defendant in support of this branch of the case involved the rights of the municipality, and are not in point. Such were Goode v. City, 113 Mo. 257, 20 S. W. 1048; Curran v. City, 83 Ky. 628, and Reilly v. City, 51 Wis. 526, 8 N. W. 417.

5. Defendant contends that plaintiffs by their conduct are estopped from questioning either the validity of the lease to defendant or defendant's possession of the property thereunder. The trial court found as a fact, in connection with this feature of the case, that subsequent to the conveyance by plaintiffs the property was stricken from the tax rolls, and since then plaintiffs have paid no taxes thereon, nor have they asserted any right or title to the land until shortly before the commencement of this action, though they have had at all times full knowledge of the uses to which said property was being put. This finding does not bring the case within the equitable rule of estoppel. Plaintiffs' title, as well as the city's, was of record, of which defendant was charged by law with notice; and he was bound to know that the city had but an easement in the property. He was thus fully advised of all the facts concerning the rights of the city, and was not by any act on the part of plaintiffs misled to his prejudice. In view of this, plaintiffs were not bound to act promptly in making claim to the property, or to give prompt or other·notice of their asserted rights. An estoppel in pais arises when by his acts or representations, or by his silence when

he ought to speak out, intentionally or through culpable negligence one person induces another to believe certain facts to exist, and such other, having the legal right to do so, relies and acts thereon to such an extent as to be misled to his prejudice.   But this rule has no application when all the facts are within the knowledge of both parties.   Western Land Assn. v. Banks, 80 Minn. 317, 83 N. W. 192; Pence v. Arbuckle, 22 Minn. 417.   In addition to the record notice, with which defendant was charged as a matter of law, his lease was executed by the city under the provisions of Sp. Laws 1891, p. 255 (c. 34), which act became a part of his contract.   That statute was the only authority under which the city attempted to act, and by its terms and provisions the lease was expressly made subject to all vested rights.   Clearly, there is no room in this case for an application of the equitable doctrine of estoppel.

Judgment is reversed, and new trial granted.