*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0082**

State of Minnesota, by its Commissioner
of Transportation, petitioner,
Respondent,

vs.

Robert P. Carlson, et al.,
Appellants,

North Shore Federal Credit Union, et al.,
Respondents Below.

**Filed August 10, 2015
Affirmed
Hudson, Judge**

Lake County District Court
File No. 38-CV-13-147

Lori Swanson, Attorney General, Mathew Ferche, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Dan Biersdorf, Ryan Simatic, E. Kelly Keady, Biersdorf & Associates, P.A., Minneapolis, Minnesota (for appellants)

Considered and decided by Cleary, Chief Judge; Hudson, Judge; and Worke, Judge.

UNPUBLISHED OPINION

**HUDSON**, Judge

Appellants challenge the district court's final partial judgment denying their motions for declaratory judgment, contending that the state's failure to record its right-of-way interest in a trunk highway precludes the state from claiming any interest beyond the highway itself and its ditches. Because state law at the time of the taking of a permanent easement on appellants' land for construction of a trunk highway did not require the state to record its interest, because appellants had notice of the extent of the easement, and because the state maintained actual possession of the easement since the original taking and did not abandon any portion of it, we affirm.

**FACTS**

In 1921, the Lake County Board of County Commissioners granted a petition to establish a road along the north shore of Lake Superior. The road is now designated as Highway 61, which crosses appellants' properties. The right-of-way for the road at the time of the board's granting of the petition included 100 feet of land along the route of the road, but the road as constructed does not encompass the entire right-of-way. The county did not record its easement interest until 2012.

In February 2013, in connection with Highway 61, respondent Minnesota Department of Transportation petitioned the district court for an eminent-domain taking of easements regarding lands owned by appellants Robert and Jeannette Carlson, Mary Robbins, Rosemary and Thomas Elbert, and Catherine and Donald Woznicki. Robbins and the Elberts moved the district court for declaratory judgment that the department's

failure to record its interest precluded it from claiming any interest in land "beyond the actual use of the highway" and that the department's condemnation of the right-of-way was an unlawful taking requiring additional compensation.

After a hearing in August 2014, the district court denied appellants' motions. It noted that, in addition to the county board minutes from 1921 designating a 100-foot right-of-way for what was to become Highway 61, the 1922 and 1923 construction plans for the highway and the department's 1939 width order "confirmed the width of the highway with respect to [appellants'] properties."

The district court ruled that, because the relevant statute did not require that a roadway right-of-way easement be recorded in 1921, the fact that the easement had remained unrecorded until 2012 did not affect the state's interest in the easement because "[u]nrecorded interests, including title taken by eminent domain, are valid under the common law against subsequent good-faith purchasers for value." It also ruled that, even if recording was required to protect the state's right-of-way easement, appellants were not good-faith purchasers because they had notice of the existence of the easement by virtue of the existence of the highway and utility poles installed in 1939.

On December 22, 2014, the district court amended its order to state that its denial of appellants' motions was a final partial judgment under Minn. R. Civ. P. 54.02.

## DECISION

Appellants contend that the district court erred by denying their motions because the department's unrecorded easement is limited to the land actually used by the road and its ditches. "When the material facts are not in dispute, [appellate courts] review the

3

[district] court's application of the law de novo." *In re Collier*, 726 N.W.2d 799, 803 (Minn. 2007).

Appellants primarily cite Minn. Stat. § 160.05, subd. 1 (2014), to argue that the department's interest is limited to "the width of the actual use" of Highway 61. Section 160.05 states the requirements for statutory dedication of a road; namely, that when land is "used and kept in repair . . . for at least six years continuously as a public highway by a road authority, it shall be deemed dedicated to the public to the width of actual use." Minn. Stat. § 160.05, subd. 1. What is now Highway 61, however, was established by the act of a county board responding to a petition, it was not deemed to be a road under the precursor to section 160.05. *Compare* Minn. Gen. Stat. § 2523 (1913) (authorizing county boards to establish roads in response to petitions and requiring payment of damages), *with* Minn. Gen. Stat. § 2563 (1913) (stating that when land is used and maintained as a public highway for six years, it shall be "deemed" a road), *and* Minn. Gen. Stat. § 2543 (1913) (stating that "no damages shall be assessed" when a town road is established by dedication); *see also Gilbert v. Vill. of White Bear*, 107 Minn. 239, 241-42, 119 N.W. 1063, 1064 (1909) (holding that precursor to section 160.05 "does not apply to a road which had become an established highway at the time the act took effect" and where the road "is laid out upon petition by the public authorities, or which has been dedicated to the public by the execution and filing of a plat"). Section 160.05 is therefore inapposite here.

This record conclusively demonstrates that the department's interest includes a 100-foot right-of-way easement and is not limited to the roadway and its ditches. When

the state takes over a county road as a trunk highway, it is "vested with all rights, titles, easements and appurtenances thereto appertaining." Minn. Stat. § 161.18 (2014); *see also Larson v. State*, 790 N.W.2d 700, 704 (Minn. 2010) (holding that when state holds an easement because of condemnation, it holds the easement "in its entirety" and the unused portion is not subject to discharge under condemnation statutes). The county board records from 1921 document the county's condemnation and payment of damages[1] for a roadway that included a 100-foot right-of-way easement. Appellants' argument regarding the extent of the department's original interest is therefore without merit.

Appellants alternatively contend that the department's failure to record its right-of-way easement renders it void under Minn. Stat. § 507.34 (2014). Section 507.34 requires that "[e]very conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void against any subsequent purchaser in good faith." *See also* Minn. Gen. Stat. § 6844 (1913) (predecessor statute containing essentially identical language). The department asserts that, under the law in force at the time, the county's seizure of land by condemnation was not a "conveyance." But Minn. Gen. Stat. § 6813 (1913) defines "conveyance" very broadly as "includ[ing] every instrument in writing whereby any interest in real estate is created, aligned, mortgaged, or assigned, or by which title thereto may be affected in law or in equity, except wills, leases for a term not

---

[1] Appellants challenge the assumption that damages were actually paid, speculating that the payments ordered in the county board's minutes may never have actually been disbursed. Apart from this speculation, however, there is no indication in the record that the amounts authorized to be paid were in fact not paid.

exceeding three years, and powers of attorney." The legislature's use of broad language to define conveyances combined with its failure to include condemnation in the exceptions to the broad definition of conveyances indicates that condemnation does not fall outside of the definition of conveyance. *See State v. Caldwell*, 803 N.W.2d 373, 383 (Minn. 2011) ("The doctrine expressio unius est exclusio alterius means that the expression of one thing is the exclusion of another. Expressio unius generally reflects an inference that any omissions in a statute are intentional." (citations omitted)).[2] We therefore conclude that the state's original condemnation of the land for Highway 61 was a conveyance.

The department also responds, however, that any failure to comply with recording requirements does not render its easement void against appellants because appellants are not good faith purchasers. A purchaser who has "actual knowledge of facts which would

---

[2] The department also cites *Sanborn v. Van Duyne*, 90 Minn. 215, 220, 96 N.W. 41, 42 (1903), and the contemporaneous statutory requirements that records be filed with the county auditor, *see* Minn. Gen. Stat. §§ 2521, 2505 (1913), as evidence that acquisition of land interests by condemnations were not understood as conveyances in 1921. But *Sanborn* merely analyzed the differences in rights obtained when an easement was conveyed by deed versus by condemnation, *see* 90 Minn. at 220-21, 96 N.W. at 41-42, it did not hold that condemnation was not a conveyance. And the department cites no authority supporting its implicit argument that a statutory direction that condemnation papers related to road approval be filed with the county auditor means that they were exempt from the requirement that conveyances be recorded.

The district court also implicitly cited Minn. Stat. § 645.27 (2014) to support its holding that section 507.34 does not require the state to record its interests in land obtained through eminent domain. Section 645.27 exempts the state from its laws "unless named therein, or unless the words of the act are so plain, clear, and unmistakeable as to leave no doubt as to the intention of the legislature." But no precursor statute to section 645.27 appears to have been in force in 1921. *See* Minn. Gen. Stat. §§ 9408-9419 (1913) (containing statutes that appear to have been precursors to what is now chapter 645). And the intent of the legislature in section 6844 appears to have been to unambiguously require recording of "every" conveyance, without exception.

6

put one on further inquiry" regarding the existence of an easement "is not a bona fide purchaser entitled to the protection of the recording act." *Claflin v. Commercial State Bank of Two Harbors*, 487 N.W.2d 242, 248 (Minn. App. 1992), *review denied* (Minn. Aug. 4, 1992). "Actual possession of real property is notice to all the world of the title and rights of the person so in possession and also of all facts connected therewith which reasonable inquiry would have developed." *Id.* "The burden is on the party resisting the prior unrecorded title to prove that he purchased or acquired such title in good faith." *Miller v. Hennen*, 438 N.W.2d 366, 369 (Minn. 1989).

Appellants imply that the records of the county board were too obscure to be obtainable through reasonable inquiry and argue that their inquiry notice of the department's interest in Highway 61 is therefore limited to the road itself and its ditches. Appellants cite no authority, however, that county board records regarding the establishment of a road lie outside the boundaries of materials obtainable through reasonable inquiry regarding the extent of the county's easement interest. Furthermore, indications of the department's 100-foot right-of-way easement interest were also obtainable from other sources, including previous litigation involving Highway 61. *See, e.g.*, *Nelson v. Babcock*, 188 Minn. 584, 585-86, 248 N.W. 49, 50 (1933) ("The right of way acquired was 100 feet wide."). We therefore conclude that the department's interest in the full 100-foot right-of-way easement is not void with regard to appellants under Minn. Stat. § 507.34.[3]

---

[3] We are mindful of the difficulties that situations like this might pose for title examiners. When the state fails to record its land interests acquired prior to contemporary recording

Appellants also contend that, even if the department had a 100-foot right-of-way easement notwithstanding its failure to record it, it abandoned the portions of that easement not used by the road and its ditches under the Minnesota Marketable Title Act (MTA). The MTA mandates that any claim of title that is not recorded within 40 years is presumed to be abandoned. Minn. Stat. § 541.023, subds. 1, 2, 5 (2014). "Easements are among the property interests that can be eliminated under the MTA." *Sampair v. Vill. of Birchwood*, 784 N.W.2d 65, 69 (Minn. 2010). The MTA's presumption of abandonment does not, however, apply to a party "in possession" of the affected land. Minn. Stat. § 541.023, subd. 6 (2014). "Even though easements are not possessory estates, the possession exception of the MTA may be invoked by easement holders." *Sampair*, 784 N.W.2d at 69. "[T]he MTA possession exception requires those seeking its protection to prove use of an easement sufficient to put a prudent person on notice, giving due regard to the nature of the easement at issue." *Id.* at 67.

Appellants contend that the only evidence of use was the roadway itself, and that the portion of the department's 100-foot easement that lies outside the roadway and its ditches has therefore been abandoned. This conflates a prompt with a conclusion. Under the standard articulated in *Sampair*, the existence of the roadway is a prompt, placing "a prudent person on notice, *giving due regard to the nature of the easement at issue*." 784

requirements, title examiners may find it difficult to locate relevant records after their examination of records at the county recorder's office fails to reveal the extent of the state's interest. But where, as here, the observed roadway is a major state highway, we conclude that reasonable inquiry would include additional steps such as inquiring with the department of transportation and that such inquiry would reveal the full extent of the state's interest. We note also that the record does not indicate that appellants undertook any inquiry beyond the examination of the title records in the county recorder's office.

8

N.W.2d at 67 (emphasis added). A roadway easement includes its corresponding right-of-way, not merely the physical features of the road itself.[4] *See Hrdlicka v. Haberman*, 140 Minn. 124, 127-28, 167 N.W. 363, 364-65 (1918) (holding that actual roadway use of less than width allowed by easement did not constitute abandonment of the unused portion).

Abandonment of a public-road easement also requires more than mere nonuse; it requires a showing of "affirmative and unequivocal acts of the public indicative of an intent to abandon and inconsistent with the continued existence of the easement or right-of-way." *Sterling Twp. v. Griffin*, 309 Minn. 230, 235-36, 244 N.W.2d 129, 133 (1976). Appellants also point to no actions by the department (and none appear in the record) indicating its intention to abandon the unused portions of its right-of-way easement associated with Highway 61. At most, appellants indicate that the department's neglect of vegetation growth constitutes abandonment of the unused portion of the easement. But they highlight no authority holding that mere neglect of vegetation growth on the unused portion of a right-of-way is an *affirmative* expression of intent to abandon the right-of-way. As the state pointed out at oral argument, the existence of vegetation in the right-of-way often serves a useful function, and it is not difficult to conceive of the public-safety benefits of having an area of unused land running alongside a major public highway like

---

[4] The department argues alternatively that the existence of power poles provided notice of a wider easement than the roadway itself. Although the existence of power poles would obviously put a prudent person on notice as to the existence of an easement for transit of utility equipment, it would not reasonably put such a person on notice as to the existence or extent of a roadway easement. Accordingly, we do not base our decision on the notice provided by the utility poles.

Highway 61. We therefore conclude that appellants have not shown that the department affirmatively abandoned any portion of its 100-foot right-of-way easement associated with appellants' properties along Highway 61, and we hold that the district court did not err by denying appellants' motions.

**Affirmed.**