H. Clay Yeager and another *vs.* Hiram L. Kelsey.

July 1, 1891.

**Real-Estate Agent—Compensation not Earned.**—An agent authorized
"to sell" real estate, and for which the compensation to be paid is agreed
upon, does not earn such compensation by procuring a person to proceed
so far towards a contemplated purchase as to pay a part of the price as
earnest-money, but who enters into no obligatory contract to purchase,
and who, upon examination of the title, refuses to accept a deed of con-
veyance.

**Vendor and Purchaser—Contract—Signature by Purchaser.**—In order
that a written instrument be effectual as a contract for the purchase of
real estate, so as to bind the purchaser, it must be executed by him.

Action brought in the municipal court of Duluth, to recover $300,
as commission at the agreed rate of 5 per cent., on a sale of real
estate by plaintiffs as agents for defendant.   The plaintiffs appeal
from an order refusing a new trial after a trial by the court and judg-
ment ordered for defendant.   The instrument relied on by plaintiffs
as a contract of sale was as follows:

"October 22, 1889.   Received of A. C. Otis $500 as earnest-money
and part-payment on block 22, lots 17 and 18 in block 20, and 10
inside lots in block 25, all in Bay View addition to Duluth No. 1,
owned by Mr. Kelsey.   Price of 28 lots $6,000, all cash; balance of
first payment to be made inside of 15 days.

"Yeager Bros., Agents."

*Mahon & Howard*, for appellants.

*Draper, Davis & Hollister*, for respondent.

Dickinson, J.   It appears from the findings of the court, upon
which alone we are called upon to review the case, that the defend-
ant employed and authorized the plaintiffs to sell certain real estate
for a specified price, and agreed to pay a stated percentage for mak-
ing the sale.   This action is to recover the stipulated commission.
The plaintiffs negotiated with one Otis for the purchase of the prop-
erty, and he paid to plaintiffs, as part of the purchase price, the sum

of $500, whereupon the plaintiffs executed an instrument signed by them only, with the designation, "Agents," added to their signature. This writing embraced a receipt for the money paid by Otis, stating that it was part-payment for the land, which is attempted to be described; states the full price, and when the. "balance of first payment" was to be made. It is obvious, on the face of this instrument, that Otis was not thereby obligated to purchase the land. He did not sign it. Nor did he ever assume a legal obligation to purchase the property, and, after having examined the title, he refused to. accept a deed of conveyance from the defendant. Such being the case, the plaintiffs did not sell the land, and they are not entitled to the compensation which they were to receive for selling it.

Judgment affirmed.