THOMAS KILEEN v. ANDREW E. KENNEDY and Another.[1]

November 6, 1903.

Nos. 13,690—(79).

**Acceptance of Offer.**

> No contract is complete without the mutual assent of the parties thereto, and an offer to sell property imposes no obligation until it is accepted according to the terms of the offer. A proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiations, unless the party who made the original offer renews it, or properly assents to the modification suggested.

**Sale of Timber—Statute of Frauds.**

> An agreement for the purchase of standing timber is a contract for an interest in lands, is within the statute of frauds, and must be in writing.

Appeal by plaintiff from an order of the district court for St. Louis county, Dibell, J., denying a motion for a new trial. Affirmed.

*Francis W. Sullivan,* for appellant.

*Richardson & Day* and *Mead & Hoar,* for respondents.

COLLINS, J.

This was an action to compel specific performance of a contract to convey standing timber upon lands owned by defendants, and the court below, upon findings of fact and conclusions of law, ordered judgment in their favor.

The law which governs this case is settled beyond controversy in this court, as it has been in many others. We quote: "To entitle a party to the specific performance of an alleged contract to convey real property, the contract must be clearly proved, and its terms should be so specific and distinct as to leave no reasonable doubt of their meaning." And further: "To satisfy the requirements of the statute of frauds, an offer or proposal in writing to sell lands must be accepted in writing. A mere parol acceptance of such offer or proposal is insufficient. Such acceptance must be unqualified, so that there is a 'clear accession on both sides to one and the same set of terms.'" Lanz v. Mc-

[1] Reported in 97 N. W. 126.

Laughlin, 14 Minn. 55 (72); Hamlin v. Wistar, 31 Minn. 418, 18. N. W. 145; Jackson v. Badger, 35 Minn. 52, 26 N. W. 908.

Again, it has been said that: "An offer to sell does not become a contract unless unconditionally accepted upon the exact terms of the offer. The acceptance must be unqualified, without the suggestion of any new terms." Ames & Frost Co. v. Smith, 65 Minn. 304, 306, 67 N. W. 999. This doctrine is very completely stated as follows: "As no contract is complete without the mutual assent of the parties, an offer to sell imposes no obligation until it is accepted according to its terms. So long as the offer has been neither accepted nor rejected, the negotiation remains open, and imposes no obligation upon either party. The one may decline to accept, or the other may withdraw his offer; and either rejection or withdrawal leaves the matter as if no offer had ever been made. A proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested." Minneapolis & St. Louis Ry. Co. v. Columbus Rolling-Mill, 119 U. S. 151, 7 Sup. Ct. 168.

It is well settled that an agreement for the purchase of standing timber is a contract for an interest in lands, is within the statute of frauds, and must be in writing. Seymour v. Cushway, 100 Wis. 580; 76 N. W. 769. See also as bearing on this question Kirkeby v. Erickson, supra, page 299. So that, even if there was no controversy over what was said or agreed upon in the conversations between the parties, several days after the option expired, as to new terms, there was no binding contract entered into. Thompson v. Thompson, 78 Minn. 379, 81 N. W. 204, 543. We think no further discussion of this case is necessary.

Order affirmed.