GEORGE McPHEETERS v. N. N. RONNING and Others.[1]

June 9, 1905.

Nos. 14,376—(130).

**Contract of Sale:**

Where a party contracts to convey premises in which he has no title or interest, but which he subsequently does acquire by contract of purchase, such fact cannot be taken advantage of by a subsequent assignee of the contract, as against a prior assignee.

**Same—Assignment.**

A provision in a contract for the purchase of land to the effect that no assignment shall be binding upon the vendor, unless approved, cannot be taken advantage of by a subsequent assignee of such contract, as against a prior assignee.

**Notice.**

The record of a contract for the purchase of land, which was duly signed and acknowledged by the vendor, is constructive notice to all subsequent purchasers and assignees.

**Statute.**

The word "party," contained in section 4191, G. S. 1894, does not refer to the vendee who signs a contract for the purchase of land, but to the party required to sign such an instrument in order to constitute a valid conveyance under the provisions of section 4213, G. S. 1894.

[1] Reported in 103 N. W. 889.

Action in the district court for Aitkin county to determine the adverse claims of defendants to land in possession of plaintiff. The case was tried before McClenahan, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed and judgment ordered for plaintiff.

*Charles C. Teare,* for appellant.

*Gjertsen & Lund,* for respondent N. N. Ronning.

LEWIS, J.

February 1, 1901, defendant Skinner entered into an executory contract for the sale of the real estate in question with a party named Weber, whereby, in consideration of $440, Skinner agreed to convey the premises to Weber upon the full payment of the purchase price, which was $120 on the execution of the contract, and the remainder in five annual subsequent payments, with interest at six per cent. This contract was signed by both the grantor and grantee, and April 16, 1902, acknowledged by the grantor, and recorded in the office of the register of deeds in the proper county. At the time of the execution of the contract, February 1, 1901, Skinner had no right, title, or interest in the premises; but on February 18 he secured from the then owner, defendant Minnesota Land & Colonization Company, a contract for the purchase thereof. May 28, 1902, Weber (his wife joining) sold, assigned, and transferred to plaintiff all his right, title, and interest in and to the premises, but the instrument was not recorded. Subsequently thereto, August 3, 1903, Skinner executed to defendant Ronning a written assignment of the contract which he held from the colonization company. This action was commenced by plaintiff against the subsequent assignee, defendant Ronning, and others, for the purpose of determining adverse claims to the premises; and the court, after finding the facts substantially as above set forth, ordered judgment for defendant. Plaintiff and defendant Ronning both claim title from the same source, viz., from Skinner, who held a valid contract from the Minnesota Land & Colonization Company, and plaintiff's title depends upon the validity of the original contract between Skinner and Weber, and the assignment of Weber's interest to plaintiff.

1. Defendant Ronning is not in a position to take advantage of the fact that Skinner entered into an agreement to sell the premises to Weber eighteen days prior to the time he had purchased them from the Minnesota Land & Colonization Company. Although the court finds that, at the time of executing the contract to Weber, Skinner had no right, title, or interest in the premises, yet it will not be presumed that he entered into the contract with Weber for purely speculative purposes, and that it was not done pursuant to some arrangement which culminated in the subsequent contract. In the Weber contract it was provided that, if the purchaser should first make the payments and perform the covenants on his part, then the grantor covenanted to convey to the purchaser, in fee simple, clear of all incumbrances, by good and sufficient warranty deed. At the time Skinner secured his contract from the colonization company, no default had occurred, and Weber was not thereafter in a position to repudiate his contract upon the ground mentioned. It has been held that when the vendor in such a contract has no interest in the land which he agrees to convey, but enters into it as a mere speculation or venture, he is not deemed to be the bona fide purchaser, and accordingly equity will not lend him aid in enforcing it; but the equitable relations of the parties to the contract are not involved in this controversy.

2. The contract which Skinner secured from the colonization company contained a provision to the effect that no assignment or transfer thereof should be binding upon the company unless approved by its general manager. It was found by the trial court that in the assignment from Weber to plaintiff no such approval was obtained. The restriction upon an assignment without approval of the general manager was not accompanied with any penalty, and there is no provision that an assignment without approval should forfeit the contract, or that it would give the creditor a right to declare it forfeited. The mere fact that the company later approved of a subsequent assignment to defendant Ronning was not conclusive that it intended thereby to forfeit the prior assignment by Weber to plaintiff. As remarked in Johnson v. Eklund, 72 Minn. 195, 199, 75 N. W. 14: "There is nothing personal in the nature of the contract. All that the vendor was interested in was the payment of the purchase money at maturity. If he received this, it was wholly immaterial to him who paid the money

or who got the land." If, then, the colonization company itself could not have taken advantage of the fact that it had not given its approval, so much less may the subsequent assignee do so.

3. We are next to inquire whether the record of the instrument executed by Skinner to Weber was constructive notice to defendant Ronning, as a subsequent assignee. Section 4191, G. S. 1894, reads:

> To entitle any conveyance, mortgage, power of attorney, or other instrument, affecting real estate within this state, to be recorded, it shall be executed and acknowledged by the party executing the same, as required by law.

It was held by the trial court that the word "party" should read "parties," in accordance with the second division of section 255, G. S. 1894, where it is provided that words importing the singular number may be extended or applied to several persons or things. If this construction is adopted, then all parties executing a conveyance must acknowledge the same, in order to entitle it to be recorded. But the reason of the law and the evident purpose of the statute lead us to differ with the learned trial court. Section 4213 provides that conveyances of interest in lands shall be subscribed by the parties creating, granting, assigning, surrendering, or declaring the same, or by their lawfully authorized agent; and it has been held that the vendee in a contract of purchase need not sign the same in order to give it validity. Western Land Assn. v. Banks, 80 Minn. 317, 83 N. W. 192, overruling Yeager v. Kelsey, 46 Minn. 402, 49 N. W. 199.

Our attention has not been called to any authorities directly in point, unless it be the Massachusetts cases, and the statute there is slightly different. Our opinion is that the word "party," executing the same, as used in section 4191, has reference to the party executing the same as required by law, and does not mean the vendee, who need not execute such a contract to give it validity as a conveyance.

The other respondents having failed to appear at the argument or to file briefs, a reversal is granted upon motion of appellant, under the rule; and, for the reasons above stated, the judgment is reversed, and judgment ordered against all of respondents in favor of appellant.