## E. M. WILSON v. W. J. HOY.[1]

February 7, 1913.

Nos. 17,907—(180).

**Damages — finding not sustained by evidence.**

In this action to recover damages for the breach of the vendee of an alleged contract for the sale of real estate it is *held*, conceding that a valid contract

[1] Reported in 139 N. W. 817.

was made and broken, the evidence does not sustain the finding that plaintiff was damaged in the amount found by the trial court, or in any amount.

**Measure of damages.**

The measure of damages in such a case is the difference between the contract price and the actual or market value of the land at the time of the breach, and not the difference between the contract price and the cost of the property to the vendor.

Action in the municipal court of St. Paul to recover $500 for breach of contract. The answer specifically denied that plaintiff ever purchased the premises described in the complaint or agreed to purchase them. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff for $200. From an order denying his motion for a new trial, defendant appealed. Reversed and new trial granted.

*Thomas J. McDermott,* for appellant.

*D. F. Peebles* and *P. A. Cosgrove,* for respondent.

BUNN, J.

This is an action to recover damages for the breach by defendant of an alleged contract to purchase certain real estate. The issues under the pleadings were: (1) Was a valid contract entered into? (2) If so, what were the damages to plaintiff by its breach? The trial was by the court without a jury, and resulted in a decision that the contract was made and broken by defendant, and that plaintiff was damaged in the sum of $200. Defendant appeals from an order refusing a new trial.

The questions here are as to the sufficiency of the evidence to sustain the decision of the trial court on the two issues tried. The facts are these: Ella A. Sanders owned the land. On January 25, 1911, she and plaintiff entered into a written contract, by the terms of which she agreed to sell and plaintiff to purchase the property at a price of $10,000. In June, 1911, plaintiff, through an agent, offered to sell the land to defendant for $10,500. Defendant offered to give $10,200, but the offer was refused. On June 28, plaintiff and defendant met. The testimony of plaintiff and his agent was to the effect that orally plaintiff agreed to sell and defendant to purchase for $10,200. Plaintiff had a contract already prepared in duplicate,

and testified that he handed both copies to defendant, who read them and said it was all right. Defendant denied that he orally agreed to purchase the property, or that he said it was all right, and claimed that he handed the copies of the written contract back to plaintiff, telling him he would let him know the next morning. It is admitted that the next morning defendant refused to take the property.

Were the question simply as to whether there was an oral contract between the parties for the sale of the land, it would be easy to hold that the finding that a contract was made is sustained by the evidence. But the contract was required by our statute to be in writing, subscribed by the party by whom the sale was made. The question, therefore, was whether there was a written contract that complied with the statute of frauds. A contract for the sale of land cannot rest partly in writing and partly in parol. It is not, however, necessary that the written contract be signed by the purchaser. It is sufficient if it is signed by the vendor, delivered to the purchaser, and accepted by him. We are left in doubt by the memorandum of the trial court whether its finding that a contract was made was based on the testimony as to the oral agreement of the parties, or upon the delivery to and acceptance by defendant of the copies of the written contract, after an oral offer to take the property at the price named. As we feel obliged to order a new trial on another ground, we deem it unnecessary to decide whether the evidence would sustain a finding that there was a written contract, signed by plaintiff and accepted by defendant.

We may say, however, that the evidence in support of such a finding does not impress us very strongly. The alleged written contract recites that $500 of the purchase money has been paid, while there is no pretense that defendant paid anything as a down payment or earnest money. From its language, and the blank spaces left for signatures, it is evident that it was expected that the purchaser should sign. Why were both copies delivered to defendant, if the delivery was intended as a consummation of the contract, rather than for the purpose of enabling defendant to examine the papers, and to affix his signature to both copies if he agreed to the sale?

1. The finding that plaintiff was damaged in the sum of $200 by defendant's breach of the contract is not sustained by the evidence, nor do we find any evidence showing damage in any amount. The finding that plaintiff was damaged in the sum of $200 was based upon the fact that the contract under which plaintiff purchased the property named $10,000 as the purchase price, while defendant agreed to pay plaintiff $10,200. There is not one word of evidence tending to show that the property was actually worth a cent less than $10,200, or that plaintiff could not have sold it for that,' or a larger sum, or that he lost a sale between the afternoon of one day and the morning of the next. In an action for damages for breach of contract, the damages must be proved. It is not sufficient for the plaintiff or his witness, as was done in this case, to swear generally that plaintiff has been damaged in a certain amount. This was apparently recognized by the trial court, which fixed the damages at the difference between the price defendant is claimed to have agreed to pay and the price which plaintiff agreed to pay for the property six months before.

2. The proper measure of damages for a breach by the purchaser of a contract of purchase is the difference between the contract price and the actual or market value of the property at the time of the breach, including any expenses necessarily incurred by the vendor in his effort to carry out the contract. Under this rule, there was no evidence to sustain a recovery of more than nominal damages. The rule applied by the trial court has no support in reason or authority. Under such a rule, whenever a purchaser of real or personal property refuses to carry out his contract, the seller would be entitled to recover the difference between the contract price and the cost of the property to him. This is manifestly wrong.

Order reversed, and new trial granted.