## MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO PURCHASE REAL ESTATE.

Common Pleas Court of Hamilton County.

### PAUL K. MOORMAN *v.* JOE LEVITCH.

Decided October, 1927.

*Damages—Measure of for Breach of Contract to Purchase Realty— Difference Between Contract Price and Market Price at Time of Breach—Allegation of Resale Price Improper in Pleading— Also Allegation as to Expense of Effecting Resale—But Plaintiff May Include in Claim the Reasonable Cost of Removing Cloud from Title.*

1. The measure of damages for breach of a contract to purchase real estate is the difference between the contract price of the property and its market value at the time of the breach.

2. Allegation in a petition for damages for breach of such a contract, that the property was resold later for a lesser amount than the contract price, ordered stricken out as evidential and not affecting the measure of damages or the plaintiff's right to recover.

3. Allegation of expense incurred in effecting resale also stricken out on same principle.

4. The plaintiff in such a suit is entitled to include in his claim for damages the reasonable cost of removing a cloud from the title to the property, caused by the recording of the sale contract.

*Merland, O'Meara & Santen,* for plaintiff.

*H. P. Karch,* for defendant.

DARBY, J.

This is an action in which the plaintiff seeks to recover damages from the defendant for the failure of the defendant to complete the contract by which the plaintiff agreed to sell and the defendant to buy certain real estate.

The defendant moves to strike from the petition, allegations of a resale of the property after defendant's refusal to fulfill the contract. The contract price was $18,000, $200 of which was paid on the signing of the contract. The petition alleges that the plaintiff sold the property to another, after defendant's breach, for $15,809.74. The de-

fendant seeks to strike out the allegation pertaining to the resale of the property above mentioned.

The correct determination of the motion depends to a large extent upon the true measure of damages of plaintiff for the alleged breach of contract.

The position of the plaintiff is that he is entitled to recover as part of his damages, the difference between the contract price and the resale price of the property.

On the other hand, the defendant's claim is that the true measure of damages is the difference between the contract price and the market or sale value of the property at the time of the alleged breach.

In *McCarthy* v. *Lingham*, 111 O. S., 551, the Supreme Court had before it the question as to the proper measure of damages of a vendee upon breach of contract for sale of real property. In syllabus 3, the court states the rule as follows:

"3.   The measure of damages in such case is the difference between the market value of the property at the time the conveyance should have been made, and the sale price stated in the contract."

Is there any reason for any different rule in case the action is by the vendor for the breach by the vendee?

In *Eisenstadt et al* v. *Lucke et al*, 25 C. C. (N.S.), 225, in an action against the vendee for refusal to complete the contract the Court of Appeals of Hamilton county stated the rule as follows:

"2.   The measure of damages in such a case is the difference between the contract price and the market price, at the time of the breach, and it is error to admit evidence as to what the property brought when offered at public auction at a later date, and upon different terms."

In the case at bar there is no claim of a public auction.

While there is not entire unanimity of opinion throughout the United States concerning the true measure of damages in such case, by far the greater weight of authority is that the true measure of damages is the difference be-

between the contract price and the market value of the land at the time of breach.

In *Cowdery* v. *Greenlee,* 126 Ga., 786, syllabus 3 is as follows:

"The refusal of the purchaser to perform will not give to the owner the right to resell the land at the risk of the former, and hold him liable for deficiency in the price realized, the true measure of damages being the difference between the contract price and the market value of the land at the time of the breach."

In *Pritchard* v. *Mullhall,* 127 Ia., 545, the rule is stated in these words:

"A vendor's damages for breach of a contract, where he retains the title to the land is the difference between the contract price of the land and its market value at the time of the breach, less any portion of the purchase price already paid."

In *Allen* v. *Mohn,* 86 Mich., 328, the rule is given in these words:

"2.   The measure of damages in a suit by the vendor in a land contract for its breach, is the difference between the contract price and the value of the land at the time of re-entry, less the payments made thereon."

In *Griswold* v. *Sabin,* 51 N. H., 167, it is said:

"In contracts for the purchase and sale of real estate where the vendee refuses to receive the deed and pay for the land, the measure of damages which the vendor may recover in a suit at law is the difference between the price agreed to be paid for the land and its real value at the time the contract was broken."

In *Harmon* v. *Thompson,* 119 Ky., 528, syllabus 7 is as follows:

"The measure of damages for breach of a contract to buy land as between the vendor and the vendee, is the difference between the contract price and the actual value of the land on the date of the breach, when the actual value is less than the contract price, in addition to which interest may be awarded."

In *Porter* v. *Travis,* 40 Ind., 556, the syllabus is as follows:

"While a vendor may,. by an action for specific performance of a contract against the vendee, compel the acceptance of the conveyance of the land sold and the payment of the purchase money, yet when the suit is for damages against the vendee for a breach of the contract in refusing to accept the deed and pay the purchase money, the measure of damages is the difference between the contract price and the value of the land at the time when the deed should have been accepted, if at that time there was any decrease in such value."

In *Wilson* v. *Hoy,* 120 Minn., 451, the court say:

"The measure of damages in such a case is the difference between the contract price and the actual or market value of the land at the time of the breach, and not the difference between the contract price and the cost of the property to the vendor."

In *Old Colony R. R. Corp.* v. *Evans,* 6 Gray, 25, it is said:

"In an action at law by the vendor to recover damages for the breach of a contract for the sale of land, the measure of damages is not the full contract price, but the difference between that price and the price for which the land could have been sold at the time of the breach."

In *Maryland Clay Co.* v. *Simpers et al,* 96 Md., 1, the court say:

"In an action for breach of a contract to buy land, the measure of damages is the difference between the actual value of the land sold, and the price defendant agreed to pay."

In *Sloan* v. *Baird,* 162 N. Y., 327, the court say:

"In an action to recover unliquidated damages for the breach of an executory contract to convey property, interest is not allowable unless there is an established market value of the property, or means accessible to the party sought to be charged, of ascertaining by computation or otherwise, the amount to which the plaintiff is entitled."

See also 2 Sutherland on Damages, 4 ed., Sec. 570; 3 Sedgewick on Damages, 9 ed., Sec. 1023.

Many other cases might be multiplied upon this point, but sufficient has been given to show the general and prevailing rule upon the subject.

In *Eisenstadt* v. *Lucke, infra,* on p. 227 the court say:

"It was error to admit evidence of the price received on the sale of the property at public auction, because the terms and conditions upon which the property was sold were different from those contained in the contract of sale with the defendants, and as the price received might have been, and no doubt was in some measure affected by the terms, that sale would not reflect the market value of the property."

The general rule, as hereinbefore stated, seems to be that the measure of damages must be determined by the market price at the time of the breach of the contract, and though all evidence is admissible to show what that market price was at that time, and it may be that a subsequent sale might reflect upon that fact as an item of evidence, still the measure of damages and the right of the plaintiff to recover, remain the same.

There would be no difficulty in the discussion, but for the fact that it has been held in some cases that the vendor is entitled to the difference between the contract price and the resale price.

An examination however of those cases, will show generally that they are based either upon an agreement that the vendee shall be liable for such difference between the contract price and the resale price, or in case of judicial sales, in which it is held that there is an implied undertaking on the part of a vendee at a sale to answer for loss in sale in case he fails to carry out his agreement to purchase.

In *McGuinness* v. *Whalen,* 16 R. I., 558, it was held that:

"To make a vendee liable in assumpsit for such difference in prices, the sale must be on condition that in case

of the vendee's default the property may be resold and the vendee held for such difference."

That case is typical of a number of decisions to the same effect.

Cases of the other character, that is, that a vendee at a judicial sale is bound for the difference in case he makes default, by implication are *Thomas* v. *Caldwell, Admr.,* 136 Ala., 518; 118 Ala., 215.

As there is no averment of an agreement by the vendee to be answerable for such difference, and as this was not in the nature of a judicial sale, the general rule above stated must apply in these cases.

The motion to strike out the statement in the petition as to the resale of the property for a less price than the contract price will therefore be granted.

The motion of plaintiff further is to strike out the matter of his expense in the resale. The motion will be granted as to that allegation, for the reasons above stated.

The plaintiff further moves to strike out an allegation of special damages which he claims he was put to concerning the title of his property. The allegation is in these words:

"Plaintiff further says that as part of the consideration of said sale to said Rupert Lass, he was compelled to and did agree to pay the expense incurred by the said Lass in prosecuting a suit against defendant to remove the cloud upon his (plaintiff's) title, by reason of the aforesaid contract, which was placed of record by defendant on the records of Hamilton county, Ohio, and has incurred an expense of $200 thereby."

In the case of *Realty Company* v. *Stonehill,* 19 C. C. (N. S.), 403, it was held that special damages were recoverable in case of a breach of contract to convey lands, and that the plaintiff—

"is entitled to a charge sufficiently comprehensive to enable him to recover such damages as arose naturally and proximately from the breach of the contract, and such as the parties to the contract at the time it was made, must reasonably have contemplated as the probable result of the breach."

The situation in this case is this: The plaintiff and the defendant entered into a written contract of sale, which was placed of record by the defendant. Thereafter, the defendant without reason, refused to carry out the contract with the plaintiff, and the plaintiff was compelled to bring suit to remove the cloud from his title, placed upon it by the recording of the contract of sale with the defendant.

The court is of the opinion that the plaintiff is entitled to include in his claim for damages the reasonable amount for the removal of the cloud upon his title. This will require some alteration in the allegation as to that matter. As it stands, it is an improper allegation, which requires that the court shall grant the motion of the defendant to strike out all that part of the petition commencing with the first paragraph on the second page, running down to and including the third paragraph on said page.