## ALF H. BEY v. CHARLES KEEPING.[1]

July 27, 1934.

No. 29,873.

*E. J. Morton* and *W. George Hammett,* for appellant.
*James M. Witherow,* for respondent.

*LORING, Justice.*

In an action by the vendor to enforce specific performance of a contract for the sale of a farm, the plaintiff had findings in his

[1]Reported in 256 N. W. 140.

favor, and the defendant vendee has appealed from an order denying his motion for amended findings or for a new trial. The order denying the motion for amended findings is not appealable, and we consider only the motion for a new trial.

Plaintiff's farm, which he wished to sell, is situate near the village of Hawley, where the defendant resides. It appears that in the spring of 1931, in which year are all the dates herein referred to, the parties met on the station platform at Hawley and had a conversation relative to the sale of the farm. The plaintiff indicated a willingness to accept $5,200 as the purchase price. April 12 defendant wrote to the plaintiff stating that he understood that the plaintiff would accept that sum and pay up all taxes. He inquired if plaintiff would accept a down payment of $1,600 with a mortgage for the balance and also inquired what rate of interest he would expect upon the mortgage. No answer to this letter appears in the record, but on May 20 the defendant wrote the plaintiff stating that he had $1,700 that he could put into the deal and would see if he could get the rest of the $2,500. This indicates that plaintiff had stated to defendant that he must have a down payment of $2,500. He so states in his letter of June 7, which, but for the date, appears to be an answer to the letter of April 12. June 14 defendant wrote to the plaintiff telling of his inability to raise the money and of his purpose to look further for it. This letter is apparently an answer to the one of May 25, in which the plaintiff indicated a willingness to let the defendant assume the mortgage then on the place and secure plaintiff for the unpaid remainder in some other way. June 25 defendant wrote the plaintiff that he could get the $2,500 and the plaintiff could take a mortgage for the other $2,700 at six per cent and suggested the drafting of a contract. He terminates the letter with a request to know "how we should make the deal." In response to this letter plaintiff wrote the defendant as follows:

"Yours of the 26th at hand and will say you can go to the bank and make out a deed and send it to me and I will go to Minneapolis and have it signed and I will go up there and fix everything

up with you. You spoke of having a contract. I think we can fix everything all right. Write soon."

In response to this letter defendant wrote the plaintiff:

"July 6th, 1931.

"I have your letter of the 6th, about making paper for our land deal. My idea of our agreement is that I shall give you $2,500 cash and a mortgage for $2,700 for five years at 6%.

"You will then have to pay the $2,000 loan that is now against the farm together with the interest on same to this date and all the now taxes due, also you will have to get me an abstract up to date. The abstract is at the State Bank and all you have to do is to have the bank send it up and have it extended. You will have to pay for extending the abstract which will not amount to much.

"I am inclosing a deed herewith to be executed by yourself and wife as you suggest."

The deed was drafted and inclosed and contained the first description of the premises contained in the correspondence. The deed recited a consideration of $5,200. It contained no reference whatever to a mortgage or the terms thereof, although it contained an unconditional warranty against all encumbrances whatsoever. The deed was signed but never delivered to the defendant, nor was there any letter or any other document in which the plaintiff made an unqualified acceptance of the terms stated in defendant's letter of July 6. In that letter for the first time the period of five years for the running of the mortgage was proposed, and the request was made for an abstract. Evidently the plaintiff, after executing the deed, took it up to Hawley and placed it in the bank there for delivery to the defendant. The trial court found that plaintiff notified defendant that he was ready to deliver the deed and close the deal. The defendant, however, through his lawyer, notified the plaintiff of his purpose to abandon negotiations and not go through with the deal.

The question presented to this court is whether or not there is a sufficient contract to justify specific performance. Our statute, 2 Mason Minn. St. 1927, § 8460, requires such contracts or some

note or memorandum thereof expressing the consideration to be in writing and subscribed by the party by whom the sale is to be made. Where the proposal is made by the vendee, as in this case, the acceptance thereof in order to be valid under the statute must be in writing. Lanz v. McLaughlin, 14 Minn. 55 (72); Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126. It is quite clear that there was no written acceptance by the plaintiff of the defendant's proposal that the mortgage should run for five years. Oral acceptance is insufficient. The minds of the parties may have met, but that is not sufficient. The convention of the minds must be solemnized by an appropriate writing, in this case an unqualified written acceptance of all terms proposed by defendant. Such written acceptance must be delivered.

The absence of a written acceptance of defendant's proposal in regard to the terms of the mortgage is sufficient to require a reversal in this case. Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201. In addition to this element, there was the defendant's requirement of an abstract, which was never assented to in writing by the plaintiff. Brearley v. Schoening, 168 Minn. 447, 210 N. W. 588. The controlling evidence is all in writing, and there is no likelihood that a new trial would serve any useful purpose. The order appealed from is reversed with directions to the trial court to enter judgment in accordance with the views herein expressed.

Reversed.