Joseph B. ROSE, Appellant,

v.

GUERDON INDUSTRIES, INC., et
al., Respondents.

No. CO–85–907.

Court of Appeals of Minnesota.

Sept. 17, 1985.

Stuart L. Finney, Fuller & Finney, Minneapolis, for appellant.

John B. Waldron, Courey, Schwinn, Kodadek & McRoberts, P.A., Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals from a summary judgment dismissing his complaint with prejudice. Appellant claims (1) the trial court failed to properly apply the law in determining a valid contract did not exist between the parties, and (2) the trial court failed to recognize the parties' dispute involving the meaning of "closing costs" was a genuine issue of material fact. Respondents request attorney's fees and double costs pursuant to Minn.R.Civ.App.P. 138, claiming this appeal was brought merely for delay. We affirm and deny respondents' request.

## FACTS

In late 1983 or early 1984, appellant Joseph B. Rose telephoned Charlie Casper concerning certain property Casper was brokering for respondent Guerdon Industries, Inc. Appellant then sent a letter to Casper dated March 16, 1984, which provided: (1) willingness to purchase the property for $3000 per acre; (2) agreeing to a $10,000 earnest money deposit; and (3) closing would be 30 days after approval of the site plan and confirmation of utility availability or 120 days, whichever occurred earlier.

On April 19, 1984, respondents, through Casper, wrote to appellant agreeing to (1) sale of the property of 89 acres at $3200 per acre; (2) an 8% commission at closing; (3) buyer to pay closing costs; (4) closing to occur before 4:00 p.m. on June 15, 1984 (within 60 days); (5) "counter offer" to remain in effect until 4:00 p.m. on April 27, 1984; and (6) providing legal description, tax data, and special assessments.

After receiving this letter, appellant wrote Casper on April 27, 1984, indicating (1) a willingness to purchase the property at $3200 per acre based on an assumption of 89 acres, *provided:* (a) entrance into a formal purchase agreement within 14 days of acknowledged acceptance by respondents; (b) a $10,000 earnest money deposit provision; (c) a 30 day inspection period to review and confirm zoning and utility availability; (d) a refund of earnest money deposit if during the inspection period any items were found unsatisfactory; and (e) closing within 60 days from end of the inspection period; and (2) confirmation and a determination whether the preparation of a purchase agreement should be contemplated.

Appellant also phoned Casper discussing the April 27 letter. Casper said he thought the parties had a deal.

On May 7, 1984, Casper marked appellant's April 27 letter "received." Appellant's attorney prepared a formal purchase agreement which was delivered to respondents on or about May 10, 1984. Respondents sent a property survey to appellant's attorney.

In late May 1984, a dispute arose regarding the precise meaning of "closing costs." Respondents later notified appellant the property had been sold to a third party.

Appellant sued respondents for damages or, in the alternative, specific performance. Respondents counterclaimed because the lawsuit prevented the closing with the third party.

Respondents moved for summary judgment which the trial court granted, dismissing appellant's complaint but refusing to dismiss respondents' counterclaim.

## ISSUES

1. Did the trial court properly determine that a valid contract did not exist?

2. Did the trial court properly determine that no genuine issue as to material fact existed?

3. Are respondents entitled to attorney's fees and double costs pursuant to Minn.R.Civ.App.P. 138?

## ANALYSIS

1. Summary judgment may be granted if "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03.

On appeal from a summary judgment it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

Appellant claims the trial court improperly applied the law in concluding a valid contract did not exist. He asserts correctly a contract may be formed "piecemeal" through a series of exchanged writings. *See* A. Corbin, *Corbin on Contracts* § 31 (1963). Appellant's contention is his April 27 letter was an acceptance of respondents' April 19 counteroffer.

■ Determination of offer and acceptance in real estate contracts is governed by the mirror image rule.

An acceptance, to be valid and to give rise to a binding contract, must be made in unequivocal and positive terms which comply *exactly* with the requirements of the offer. If the acceptance seeks to vary, add to, or qualify the terms of the offer, it is not positive and unequivocal, and constitutes a rejection of the offer and a counteroffer. A valid acceptance

must not only embrace the terms of the offer with exactitude, but it must be unequivocally expressive of an intent to create thereby, *without more,* a contract.

*Minar v. Skoog,* 235 Minn. 262, 265–66, 50 N.W.2d 300, 302 (1951) (emphasis in original) (footnotes omitted). Here, appellant's April 27 letter conditioned acceptance upon five factors. These factors were not present in respondents' counteroffer of April 19. Appellant's April 27 letter was a rejection of respondents' counteroffer and submission of another offer.

■ Appellant also claims the conduct of both parties proves the contract's existence. First, appellant asserts Casper's statement on April 27 regarding "a deal" solemnized the contract. The statute of frauds, however, regarding real estate requires it to be in writing. Minn.Stat. §§ 513.04–.05 (1984). As stated by the Minnesota Supreme Court:

Oral acceptance is insufficient. The minds of the parties may have met, but that is not sufficient. The convention of the minds must be solemnized by an appropriate writing, in this case an unqualified written acceptance of all terms proposed by defendant. Such written acceptance must be delivered.

*Bey v. Keeping,* 192 Minn. 283, 286, 256 N.W. 140, 142 (1934).

■ Second, appellant asserts delivery to respondent of a formal purchase agreement and respondents' delivery of a land survey displayed conduct consistent with contract formation. But transfer of real estate requires assent to be in writing. *Lake Company v. Molan,* 269 Minn. 490, 497, 131 N.W.2d 734, 738 (1964); Minn.Stat. §§ 513.04–.05.

Because the trial court did not err in applying the law, it is unnecessary to reach respondents' contention that appellant's April 27 letter was untimely.

■ 2. Appellant claims the dispute regarding "closing costs" constituted a genuine issue of material fact and summary judgment was inappropriate. Appellant

failed to allege any issue of material fact before the trial court. Appellant is now precluded from raising this issue on appeal. *Morton v. Board of Commissioners,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974); *see* Popovich & Niles, *A Practitioner's Guide to Bringing an Appeal in the Minnesota Court of Appeals,* 11 Wm. Mitchell L.Rev. 627, 634 (1985).

3. Respondents request an award of damages and double costs pursuant to Minn.R.Civ.App.P. 138, asserting the appeal was "frivolous and without merit and was brought merely for spite."

Respondents' counsel asserts by affidavit he made several post-summary judgment attempts to contact appellant's counsel to ascertain whether appellant intended to appeal. Appellant's counsel made limited reply prior to filing notice of appeal. Respondents claim appellant's delay in appeal aggravated respondents' counterclaim for potential damages.

■ Nothing in the record indicates the appeal was merely for spite or was frivolous.

### DECISION

The trial court properly granted summary judgment dismissing appellant's complaint with prejudice. Respondents are not entitled to damages or costs pursuant to Minn.R.Civ.App.P. 138.

Affirmed.